# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED AFRICAN-ASIAN ABILITIES CLUB, et al., <br><br> Plaintiffs, <br> v. <br><br> 5401 MING STREET, LLC., et al., <br><br> Defendants. | Case No.: 1:18-cv-00809 LJO JLT <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE <br> (Doc. 4) |

On September 7, 2018, the Court ordered the plaintiffs and their counsel to show cause why sanctions should not be imposed for their failure to comply with the Courts orders, to prosecute this action and to comply with Fed.R.Civ.P. 4(m). (Doc. 4) The Court noted that it had "repeatedly" had to issue such orders to the plaintiffs and their counsel in several cases for the same reason. See United African-Asian Abilities Club et al., v, 6301 Ming Associates, L.L.C., Case No. 1:18-cv-00106 LJO JLT (Doc. 6); United African-Asian Abilities Club et al., v. Laurelglen Properties, LLC, Case No. 1:18-cv-00081 AWI JLT (Doc. 5).

In response, the plaintiffs report they have made diligent efforts to serve the defendants to no avail. (Doc. 5; Doc. 5-1) Nevertheless, they do not indicate what they intend to do going forward.

In their response to the order to show cause, they explain also they acted diligently in obtaining timely service in the two other cases (6301 Ming Associates and Laurelglen Properties)

1

and that, in fact, they have preserved judicial resources by their conduct because they have managed to resolve each of these cases and dismiss them[1]. This response misses the mark. In these other cases[2] and the current one, the plaintiffs have failed to diligently move the cases forward.

In this case, they have failed to take action to effect service despite their inability to obtain personal service. In the other two, they failed to seek default despite that the defendants failed to appear for months after they were obligated to do so. In all three of these cases, the Court has been required to issue orders to show cause, simply to ensure the cases would move forward. Thus, despite that these other two cases have been dismissed, the conduct of the plaintiffs' and their counsel <u>have not</u> preserved this Court's limited judicial resources. In any event, the Court **ORDERS**:

1. The order to show cause is DISCHARGED. **<u>However, the plaintiffs and their counsel are admonished that they SHALL properly track their cases filed in this District to ensure that the Court is not required to again issue an order to show cause in any of their cases. If it occurs again, the Court will not have any reluctance in issuing heavy sanctions</u>**;

2. **No later than October 10, 2018**, the plaintiffs **SHALL** effect service or dismiss the case or the Court will recommend it be dismissed for violation of Fed.R.Civ.P. 4(m).

IT IS SO ORDERED.

Dated: **September 11, 2018**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[1] The eventual dismissal of these actions is not surprising. In nearly all of the 17 cases filed in this District by these plaintiffs and this attorney in 2018, they have been dismissed within a relatively short time after filing.

[2] The Court failed to note in the order to show cause that it also order similar orders in <u>United African-Asian Abilities Club et al.</u>, v. Cedar Oaks Apartments, L.P., Case No. 1:18-cv-00082 LJO JLT (Doc. 6); <u>United African-Asian Abilities Club et al.</u>, v. Laurelwood Oak Investors, Case No. 1:18-cv-00088 DAD JLT (Doc. 7); <u>United African-Asian Abilities Club et al.</u>, v. 5401 Ming Street, LLC, Case No. 1:18-cv-00809 LJO JLT (Doc. 4). Each were due to the plaintiffs' failure to move the cases forward in a timely fashion.